# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**ADRIAN DARNELL BRITTAIN**                                                      **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 4:09CV-P123-M**

**RICK CLEMONS** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Adrian Darnell Brittain, a convicted inmate incarcerated at a federal facility in Memphis, Tennessee, initiated this civil rights action pursuant to 42 U.S.C. § 1983/*Bivens* against Rick Clemons, Darwin Dennison, Jay Woosely, Betty Henderson, and Danny W. King. Plaintiff sues Defendants in both their individual and official capacities. Defendants Clemons, Dennison, Woosely, and Henderson are officials employed at the Grayson County Detention Center. Defendant King is a United States Marshal.

Plaintiff complains that Defendants violated his constitutional rights by failing to protect him from being assaulted with a razor by a fellow inmate on January 23, 2009. Plaintiff alleges that Defendants were aware that he was at serious risk of being harmed by the inmate who assaulted him because he had been attacked by that same inmate on December 4, 2008. Plaintiff states that after the first attack he warned Defendants that he was in danger of being attacked again, but despite this warning he was put back in the same cell. Plaintiff also alleges that Defendants had a pattern and practice of failing to check in and out razors distributed to the inmates that contributed to the attack.

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), and on Plaintiff's motions to amend and for appointment of counsel. For the reasons that follow, the Court will grant the motion to amend, deny the motion to appoint counsel, dismiss Plaintiff's claims against

Defendant King, and allow the remainder of Plaintiff's claims to proceed for further development.

**I.**

Plaintiff has moved to amend his complaint with the exhibits attached to his motion and for those exhibits to be considered as part of his original complaint. A court should freely grant leave to file an amended complaint before a responsive pleading has been filed. Fed. R. Civ. P. 15. Plaintiff's motion to amend (DN 5) is **GRANTED**. The exhibits attached to Plaintiff's motion will be considered as part of his complaint.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1).

**A.     Official-capacity claim against Defendant King**

A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of Bivens itself"). "[A] Bivens claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Therefore, the Court will dismiss the official-capacity claim against Defendant King.

## C. Individual-capacity claim against Defendant King

Plaintiff does not allege that Defendant King was directly involved in either the decision to return Plaintiff to the same cell after the first attack or in passing out the razors to inmates. Plaintiff cannot hold King liable based on the conduct of the Grayson County officials. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, --U.S.-- 129 S. Ct. 1937, 1948 ( 2009). "A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties." *Id.* (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

A review of Plaintiff's complaint as to Defendant King shows that the only conduct that he attributes directly to Defendant King is his alleged failure to take action to ensure that the individual that attacked Plaintiff was prosecuted. However, "there is no statutory or common law right, much less a constitutional right, to an investigation [and prosecution]" of a third party. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). As such, Plaintiff has not stated a claim against Defendant King in his individual capacity.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants King are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

B.     **Claims against Grayson County officials**

On review, the Court will allow Plaintiff's individual and official-capacity claims against the remaining Grayson County Defendants to proceed for further development. In permitting those claims to proceed, the Court passes no judgment on the ultimate outcome of the action. The Court will enter a separate Scheduling Order governing the development of the remaining claims.

### III.

Citing only the facts that he is incarcerated, cannot afford counsel, and has sued multiple defendants, Plaintiff requests the Court to appoint counsel to represent him. Litigants do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the Court's discretion. Appointment of counsel is justified only in exceptional circumstances. *Id.* at 606. To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.* The Court finds that the complexity of the legal issues in this case do not necessitate the appointment of counsel at this time. Further, based on the pleadings filed thus far, it appears that Plaintiff is able to access the courts and to represent himself. Plaintiff's pleadings are coherent and legible, reflecting his ability to express himself to the court. Thus, the Court concludes that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel (DN 6) is **DENIED.**

Date:

cc:     Plaintiff, *pro se*
        Grayson County Attorney
        Defendants
4414.008

4